UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DORIS MARTIN CLESI** | **CIVIL ACTION NO.: 2:20-CV-00698** |
| **VERSUS** | **JUDGE:** |
| **SEARS, ROEBUCK AND CO. AND ABC INSURANCE COMPANY** | **MAG. JUDGE:** |
| | **JURY TRIAL** |

## NOTICE OF REMOVAL

TO:  THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA:

NOW INTO COURT, through undersigned counsel, comes Defendant, Sears, Roebuck and Co. who respectfully removes this matter from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. §1441(a) and 28 U.S.C. §1446. Defendant files this Notice of Removal with full reservation of any and all rights, defenses and objections. In support of this Notice of Removal, Defendant states as follows:

I.  **INTRODUCTION**

1.

On January 6, 2020, Plaintiff, Doris Martin Clesi, filed a personal injury lawsuit against Sears, Roebuck and Co. in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, Docket No. 802-835, Division "C" entitled *Doris Martin Clesi v. Sears, Roebuck and Co. and ABC Insurance Company*.[1]

---

[1] See *Petition for Damages*, as well as a copy of all process, pleadings, and orders served upon Defendant, pursuant to 28 U.S.C. §1446(a) as well as a copy of all process, pleadings and orders available in the state court record pursuant to 28 U.S.C. §1447, attached hereto *in globo* as **Exhibit A**.

2.

The Plaintiff's lawsuit arises from an alleged incident occurring on or about January 10, 2019 at the former Sears, Roebuck and Co. store located on Veterans Memorial Boulevard in Metairie, Louisiana from which she alleges that she sustained injuries.[2]

3.

Plaintiff, Doris Martin Clesi, alleges that Sears, Roebuck and Co.'s unidentified employees were negligent in setting up a display of discounted, artificial Christmas trees, around where the tripping event occurred, which constituted a hazardous condition.[3] Plaintiff has charged various allegations of negligence against Defendant, Sears, Roebuck and Co., including but not limited to failing to provide a safe passage way around the artificial Christmas tree display, placing loose burlap on a slippery floor, creating an unreasonably dangerous condition, failing to keep the walkways free of any hazardous conditions, failing to properly warn patrons of a foreign object on the walkways which created a tripping hazard, failing to provide a safe place for invitees to walk, failure to exercise reasonable care to discover and/or correct the ruin, vices or defects, and failure to warn its invitees of the dangerous condition.[4]

## II. REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §1332

4.

28 U.S.C. §1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – (1) citizens of different States."

---

[2] **Exhibit A**: Petition for Damages, ¶¶II, III, V, IX, XVII.
[3] *Id*. at ¶¶III, XIII.
[4] *Id*. at ¶¶XIV, XV.

A. **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

5.

The Fifth Circuit has explained, for purposes of establishing removal jurisdiction, a defendant may demonstrate the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claims likely exceed $75,000.00 or (2) 'by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'"[5]

6.

Plaintiff's Petition for Damages omits a binding stipulation stating she will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to *Davis v. State Farm Fire & Cas.*, No. CIV. A. 06-0560, 2006 WL 1581272 (E.D. La. June 7, 2006).

7.

Louisiana cases involving similar types of injuries indicate that the general damages for such injuries plus medical expenses can exceed $75,000. *See Simmons v. King*, 36,537 (La. App. 2 Cir. 12/11/02), 833 So. 2d 1148 (awarding store patron plaintiff $100,000 for a fractured pelvic ramus at the superior and inferior locations following tripping incident); *Smith v. Entergy Louisiana, et. al*, 2010-661 La. App. 4 Cir. 10/27/10, 2010 WL 8972324 (La. Ct. App. 4th Cir. 2010)(Plaintiff was awarded $75,000 for fractured pelvis and lengthy recovery and rehabilitation following accident); *Ragland v. Hodge,* 32-433 (La. App. 2 Cir. 12/8/99); 748 So.2d 567 (awarding plaintiff general damages totaling $108,072 for a fractured pelvis sustained as a result of being struck by a vehicle); *McBride v. State Farm Mut. Auto Ins. Co.*, 01-954  (La. App. 5 Cir.

---

[5] *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002)(emphasis in original)(quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

3/26/02), 815 so. 2d 249 (boy sustained fractured pelvis results in permanent displaced hips awarded $175,000); *Irsch v. Argonaut great Central Ins. Co.* 02-988 (La. App. Cir. 1/28/03) 841 So. 2d 831 (pedestrian sustained fractured hip in trip & fall accident awarded $36,500); *Mouhout v. Twelfth Steet Baptist Church*, 2006-1283(La. App. 3 Cir. 2/7/07); 949 So. 2d 668 (a seventy-one year old woman recovered $55,000 in general damages related to a broken hip that required surgery after a slip and fall).

8.

In regard to establishing subject matter jurisdiction and the requisite amount in controversy, i.e. $75,000, a clear understanding of Plaintiff's past and present medical treatment is necessary. Plaintiff's allegations of a fractured pelvis, related medical bills totaling over $60,000 to date, in addition to the other extensive damages[6], are sufficient to establish with reasonable certainty that Plaintiff's causes of action would yield damages in excess of $75,000 exclusive of interest and costs. 28 U.S.C. § 1332 (a).

9.

In sum, it is apparent that the amount in controversy regarding Plaintiff's alleged damages is in excess of $75,000.

B.     **COMPLETE DIVERSITY EXISTS**

10.

Plaintiff, Doris Martin Clesi, is a resident of Jefferson Parish.[7]

---

[6] **Exhibit A**: Petition for Damages, ¶¶IX, X, XVII.
[7] *Id*. at Preliminary ¶.

**11.**

Defendant, Sears, Roebuck and Co. is a foreign corporation incorporated in New York and has its principal place of business is in the Illinois. For diversity purposes, Sears, Roebuck and Co. is a citizen of the States of New York and Illinois.

**12**.

ABC Insurance Company is a fictional defendant and should be disregarded for the purposes of this removal. Alternatively, ABC Insurance Company should be considered a diverse defendant to Plaintiff for the purposes of this removal.

**13**.

Accordingly, the parties are completely diverse in their citizenship and the court has original jurisdiction pursuant to 28 U.S.C. §§1332 and 1441.

    **C.**    **THE NOTICE OF REMOVAL IS TIMELY AND PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET**

**14.**

This Notice of Removal is properly filed within thirty (30) days of receipt of service of papers by Sears, Roebuck and Co. on January 29, 2020, from which Defendant could first ascertain the existence of federal court subject-matter jurisdiction and that the action is one that is removable, as allowed under 28 U.S.C. § 1446(b).[8]

**15.**

Venue is proper in this district pursuant to 28 U.S.C. §1391 because the Plaintiff resides in the Eastern District of Louisiana, the injury to Plaintiff occurred within the Eastern District of Louisiana, and all the applicable facts that form the basis of this lawsuit occurred in the Eastern District of Louisiana.

---

[8] **Exhibit A**: Citation.

**16.**

In accordance with 28 U.S.C. §1446(d), Defendant will provide appropriate Notice of this Removal to Plaintiff and to the Clerk of Court for the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

**17.**

Sears, Roebuck and Co. reserves the right to amend or supplement this Notice of Removal.

**18.**

Sears, Roebuck and Co. reserves all rights to assert and plead any and all defenses to the claim, including but not limited to those defenses specifically enumerated in Rule 12(b) of the Federal Rules of Civil Procedure.

**JURY DEMAND**

**19**.

Sears, Roebuck and Co. is entitled to and requests a trial by jury on all issues herein.

### III.    CONCLUSION

**WHEREFORE**, Defendant, Sears, Roebuck and Co. prays the action entitled *Doris Martin Clesi v. Sears, Roebuck and Co. and ABC Insurance Company*, bearing Docket No. 802-835, Division "C" and pending in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, be removed from the state court docket to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted:

*PERRIER & LACOSTE, LLC*

*/s/ Curt L. Rome*

_____
**CURT L. ROME, #29406**
**MITCHELL D. MONSOUR, JR. #32905**
Perrier & Lacoste, LLC
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana  70130
crome@perrierlacoste.com
mmonsour@perrierlacoste.com
Tel:  (504) 212-8820
Fax:  (504) 212-8825
**ATTORNEYS FOR DEFENDANT,**
**SEARS, ROEBUCK AND CO.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this **28th** day of **February**, **2020**, at their last known address of record.

*/s/ Curt L. Rome*

_____
**CURT L. ROME**